1  Kevin Gerry (State Bar # 129690)
   The Law Offices of Kevin Gerry
2  A Professional Corporation
   1001 Olive Street
3  Santa Barbara, California 93103
   (310) 275-1620
4
   Attorneys for Defendant Marcus Food Co.

FILED
MAR 17 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATLIN UNDERWRITING AGENCIES LIMITED, | CASE NO.: 08-CV-0173-WQH-JMA |
| Plaintiff, | |
| vs. | DEFENDANT MARCUS FOOD CO., ERRONEOUSLY SUED AS MARCUS FOODS, INC.,'S ANSWER TO THE COMPLAINT FOR DAMAGES |
| SAN DIEGO REFRIGERATED SERVICES, INC., dba HARBORSIDE dba SAN DIEGO TERMINALS, PLA-ART INTERNATIONAL dba SAN DIEGO COLD STORAGE; SAN DIEGO COLD STORAGE, INC., MIGUEL CUEVA aka MIGUEL TAMAYO; SERGIO HERNANDEZ; MARCUS FOODS, INC., and DOES 1 through 50, inclusive, | |
| Defendants. | |

TO ALL PARTIES AND COUNSEL OF RECORD:

---

1

ANSWER TO COMPLAINT FOR DAMAGES

Defendant Marcus Food Co., (hereinafter "Defendant") hereby Answers the Complaint for Damages filed by Plaintiff Catlin Underwriting Agencies Limited (hereinafter "Plaintiff") as follows:

1. Defendant Marcus Food Co., lacks sufficient information or belief to either admit or deny this allegation.

2. Defendant Marcus Food Co., lacks sufficient information or belief to either admit or deny this allegation.

3. Admit.

4. Admit.

5. Admit.

6. Admit.

7. Admit.

8. Defendant Marcus Food Co., denies these allegations. Defendant Marcus Food Co., is a Kansas Corporation with it s principal place of business in Wichita, Kansas.

9. Defendant Marcus Food Co., lacks sufficient information or belief to either admit or deny this allegation.

10. Admit.

11. Admit.

12. Defendant Marcus Food Co., lacks sufficient information or belief to either admit or deny this allegation.

13. Defendant Marcus Food Co., lacks sufficient information or belief to either admit or deny this allegation.

14. Defendant Marcus Food Co., lacks sufficient information or belief to either admit or deny this allegation.

15. Defendant Marcus Food Co., lacks sufficient information or belief to either admit or deny this allegation.

16. Defendant Marcus Food Co., lacks sufficient information or belief to either admit or deny this allegation.

17. Defendant Marcus Food Co., lacks sufficient information or belief to either admit or deny this allegation.

18. Admit.

19. Admit.

20. Admit

21. Admit.

22. Admit.

23. Admit.

24. Admit.

25. Admit.

26. Admit

27. Admit.

28. Admit.

29. Defendant Marcus Food Co., lacks sufficient information or belief to either admit or deny this allegation.

30. Admit.

31. Admit.

32. Admit.

33. Admit.

34. Admit.

35. Admit.

36. Admit.

37. Defendant Marcus Food Co., denies these allegations. Once the Marcus Food Co., products were released without authorizations they were no longer traceable.

38. Admit.

39. Admit.

40. Admit.

41. Admit.

42. Defendant Marcus Food Co., lacks sufficient information or belief to either admit or deny this allegation.

43. Defendant Marcus Food Co., lacks sufficient information or belief to either admit or deny this allegation.

44. Defendant Marcus Food Co., lacks sufficient information or belief to either admit or deny this allegation.

45. Defendant Marcus Food Co., lacks sufficient information or belief to either admit or deny this allegation.

46. Defendant Marcus Food Co., lacks sufficient information or belief to either admit or deny this allegation.

47. Defendant Marcus Food Co., incorporates by reference each response as set forth in paragraphs 1 through 46 inclusive.

48. Defendant Marcus Food Co., lacks sufficient information or belief to either admit or deny this allegation.

49. Defendant Marcus Food Co., lacks sufficient information or belief to either admit or deny this allegation.

50. Defendant Marcus Food Co., lacks sufficient information or belief to either admit or deny this allegation.

51. Admit.

52. Defendant Marcus Food Co., denies these allegations. While Defendant Marcus Food Co., alleges that the conduct (the unauthorized release of food products) was deliberate and intentional, Defendant Marcus Food Co., also alleges, in the alternative, that said conduct may have been inadvertent or negligent.

53. Defendant Marcus Food Co., lacks sufficient information or belief to either admit or deny this allegation.

54. Defendant Marcus Food Co., denies these allegations. While Defendant Marcus Food Co., alleges that the conduct (the unauthorized release of food products) was deliberate and intentional, Defendant Marcus Food Co., also alleges, in the alternative, that said conduct may have been inadvertent or negligent.

55. Not Applicable.

56. Defendant Marcus Food Co., incorporates by reference each response as set forth in paragraphs 1 through 55 inclusive.

57. Admit.

58. Admit.

59. Defendant Marcus Food Co., denies these allegations. While Defendant Marcus Food Co., alleges that the conduct (the unauthorized release of food products) was

deliberate and intentional, Defendant Marcus Food Co., also alleges, in the alternative, that said conduct may have been inadvertent or negligent.

60.   Not Applicable.

61.   Defendant Marcus Food Co., incorporates by reference each response as set forth in paragraphs 1 through 60 inclusive.

62.   Defendant Marcus Food Co., lacks sufficient information or belief to either admit or deny this allegation.

63.   Defendant Marcus Food Co., lacks sufficient information or belief to either admit or deny this allegation.

64.   Defendant Marcus Food Co., lacks sufficient information or belief to either admit or deny this allegation.

65.   Defendant Marcus Food Co., lacks sufficient information or belief to either admit or deny this allegation.

66.   Defendant Marcus Food Co., lacks sufficient information or belief to either admit or deny this allegation.

67.   Defendant Marcus Food Co., lacks sufficient information or belief to either admit or deny this allegation.

68.   Not Applicable.

69.   Defendant Marcus Food Co., incorporates by reference each response as set forth in paragraphs 1 through 68 inclusive.

70.   Defendant Marcus Food Co., lacks sufficient information or belief to either admit or deny this allegation.

71.   Admit.

ANSWER TO COMPLAINT FOR DAMAGES

72. Admit.

73. Admit.

74. Defendant Marcus Food Co., lacks sufficient information or belief to either admit or deny this allegation.

75. Defendant Marcus Food Co., lacks sufficient information or belief to either admit or deny this allegation.

76. Not Applicable.

**AFFIRMATIVE DEFENSES**

1. The Complaint for Damages, as well as each and every purported claim for relief or cause of action alleged therein, fails to state a claim upon which relief can be granted.

2. The Complaint for Damages, as well as each and every purported claim for relief or cause of action alleged therein, is barred by the applicable statute of limitations.

3. The Complaint for Damages, as well as each and every purported claim for relief or cause of action alleged therein, is barred by Plaintiff's failure to migrate their damages, if any.

4. The Complaint for Damages, as well as each and every purported claim for relief or cause of action alleged therein, is barred by the doctrine of unclean hands.

5. The Complaint for Damages, as well as each and every purported claim for relief or cause of action alleged therein, is barred because the Defendant Marcus Food Co., at all times acted in conformity with, and reliance upon, applicable rules, regulations, and standards.

6. The Complaint for Damages, as well as each and every purported claim for relief or cause of action alleged therein, is barred because defendants' obligations were waived, excused or prevented by the conduct of Plaintiff and/or a third party.

7. The Complaint for Damages, as well as each and every purported claim for relief or cause of action alleged therein, is barred by the Plaintiff or a third party's breach of contract.

8. The Complaint for Damages, as well as each and every purported claim for relief or cause of action alleged therein, is barred by the failure to satisfy conditions precedent and/or subsequent.

9. The Complaint for Damages, as well as each and every purported claim for relief or cause of action alleged therein, because Plaintiff's damages, if any, were sustained as a direct and proximate result of the intervening and superseding acts and/or omissions of persons, things, or entities, other than Defendant Marcus Food Co., that were outside the control of Defendant Marcus Food Co.

10. Plaintiff intentionally, recklessly or negligently failed to investigate the matters that are the subject of the Complaint for Damages and disregarded either known information and risks or information and risks that Plaintiff should have known through the exercise of reasonable care.

11. Defendant Marcus Food Co., was not a party to the contract at issue, nor was Defendant Marcus Food Co., in privity with a party to the contract at issue.

DATED: March 14, 2008                    THE LAW OFFICES OF KEVIN GERRY

*[signature]*

Kevin Gerry
Attorneys for Plaintiff Marcus Foods

9
ANSWER TO COMPLAINT FOR DAMAGES

**PROOF OF SERVICE**

I, Kevin Gerry, declare under penalty of perjury under the laws of the State of California that the following is true and correct:

I am over the age of 18 and not a party to this case.

My business address is: 1001 Olive Street
Santa Barbara, CA 93101

On the date stated below, the foregoing documents described as:

PLAINTIFF MARCUS FOOD CO.,'S ANSWER TO THE COMPLAINT FOR DAMAGES

Were served on the interested parties in said action, by:

[X] (**MAIL SERVICE**) placing the original or true copies thereof, enclosed in a sealed envelope, first class postage pre-paid and addressed to:

[] (**OVERNIGHT MAIL**) placing the original or true copies thereof, enclosed in a sealed overnight mail envelope addressed to:

[] (**PERSONAL SERVICE**) delivering said documents by hand to:

[] (**FACSIMILE**) causing delivery via facsimile to:

[] (**E-MAIL**) causing delivery via electronic mail to:

The following addressees:

Jack Hsu
Christensen & Ehret
222 W. Adams Street, suite 2170
Chicago, IL 60606

This document was executed in Santa Barbara, California on:     3/17/08
                                                                  Date

_____
Declarant