| | |
|---|---|
| 1 | JOHN F. HORVATH [*Pro Hac Vice*] |
| | jhorvath@hlpc-law.com |
| 2 | HORVATH & WEAVER, P.C. |
| | 10 South La Salle, Suite 1400 |
| 3 | Chicago, IL 60603 |
| | Telephone: (312) 419-6600 |
| 4 | Facsimile: (312) 419-6666 |
| | |
| 5 | EDWARD J. MCINTYRE [SBN 80402] |
| | emcintyre@swsslaw.com |
| 6 | SOLOMON WARD SEIDENWURM & SMITH, LLP |
| | 401 B Street, Suite 1200 |
| 7 | San Diego, California 92101 |
| | Telephone: (619) 231-0303 |
| 8 | Facsimile: (619) 231-4755 |
| | |
| 9 | Attorneys for Defendants San Diego Refrigerated |
| | Services, doing business as Harborside |
| 10 | Refrigerated Services, doing business as |
| | Harborside; San Diego Refrigerated Services, Inc. |
| 11 | doing business as San Diego Terminals and Pla-Art |
| | International, Inc. doing business as San Diego |
| 12 | Cold Storage, also known as, SDCold, doing |
| | business as San Diego Cold, doing business as San |
| 13 | Diego Ice & Cold Storage and Miguel Cueva |

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CATLIN UNDERWRITING AGENCIES LIMITED, | CASE NO. 08-CV-0173 WQH (JMA) |
| | Complaint Filed: January 29, 2008 |
| Plaintiff, | |
| v. | **MIGUEL CUEVA'S ANSWER TO COMPLAINT AND COUNTERCLAIM FOR DECLARATORY JUDGMENT** |
| SAN DIEGO REFRIGERATED SERVICES, INC. D/B/A HARBORSIDE D/B/A SAN DIEGO TERMINALS, PLA-ART INTERNATIONAL D/B/A SAN DIEGO COLD STORAGE, SAN DIEGO COLD STORAGE, INC., MIGUEL CUEVA A/K/A MIGUEL TAMAYO, SERGIO HERNANDEZ, MARCUS FOODS, INC., and DOES 1 through 100, Inclusive, | **AND** |
| | **DEMAND FOR JURY** |
| Defendants. | |

## ANSWER TO COMPLAINT

## NATURE OF DISPUTE

1. Miguel Cueva admits only that the entities identified in this paragraph are among the named insureds under the policy. Except as specifically admitted, Cueva denies the remaining allegations in this paragraph.

## PARTIES

2. Cueva has neither knowledge nor information sufficient to form a belief about the truth of the allegations in this paragraph and, accordingly, denies them.

3. Cueva has neither knowledge nor information sufficient to form a belief about the truth of the allegations in this paragraph and, accordingly, denies them.

4. Cueva has neither knowledge nor information sufficient to form a belief about the truth of the allegations in this paragraph and, accordingly, denies them.

5. Cueva has neither knowledge nor information sufficient to form a belief about the truth of the allegations in this paragraph and, accordingly, denies them.

6. Cueva denies that he is also known as Miguel Tamayo. Cueva admits that he resides in California.

7. Cueva has neither knowledge nor information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, accordingly, denies them.

8. Cueva has neither knowledge nor information sufficient to form a belief about the truth of the allegations in this paragraph and, accordingly, denies them.

## JURISDICTION AND VENUE

9. Cueva admits the allegations in the paragraph.

10. Cueva has neither knowledge nor information sufficient to form a belief about the truth of the allegations in this paragraph and, accordingly, denies them.

11. Cueva admits that plaintiff alleges that venue in this district is proper. Cueva has neither knowledge nor information sufficient to form a belief about the truth of the allegation in this paragraph, and, accordingly, denies them.

## FACTUAL ALLEGATIONS

### A.     INSURANCE POLICY

12.     Cueva has neither knowledge nor information sufficient to form a belief about the truth of the allegations in this paragraph and, accordingly, denies them.

13.     Cueva has neither knowledge nor information sufficient to form a belief about the truth of the allegations in this paragraph and, accordingly, denies them.

14.     Cueva states that the policy speaks for itself and denies the allegations in this paragraph.

15.     Cueva states that the policy speaks for itself and denies the allegations in this paragraph.

16.     Cueva states that the policy speaks for itself and denies the allegations in this paragraph.

17.     Cueva states that the policy speaks for itself.  Cueva admits that the cited language appears at Section G, Paragraph 1 of the policy.

### B.     RELEASE OF MARCUS FOODS PRODUCT

18.     Cueva objects to plaintiff's naming him as a defendant since Cueva is only an employee; he has neither knowledge nor information sufficient to form a belief about the truth of the allegations in this paragraph and, accordingly, denies them.

19.     Cueva has neither knowledge nor information sufficient to form a belief about the truth of the allegations in this paragraph and, accordingly, denies them.

20.     Cueva has neither knowledge sufficient to form a belief about the truth of the allegations about what Marcus believed and accordingly denies them.  Except as specifically admitted, Cueva denies the remaining allegations in this paragraph.

21.     Cueva has neither knowledge nor information sufficient to form a belief about the truth of the allegations in this paragraph and, accordingly, denies them.

22.     Cueva has neither knowledge nor information sufficient to form a belief about the truth of the allegations in this paragraph and, accordingly, denies them.

23.     Cueva denies the allegations in this paragraph.

1   24.   Cueva denies the allegations in this paragraph.

2   25.   Cueva believes that during 2006 Del Rancho Foods was a customer of
3   Marcus. Except as specifically admitted, Cueva denies the remaining allegations in this
4   paragraph.

5   26.   Cueva has neither knowledge nor information sufficient to form a belief about
6   the truth of the allegations in this paragraph and, accordingly, denies them.

7   27.   Cueva denies that plaintiff has accurately quoted the Memo Of Understanding.
8   Cueva states that the document speaks for himself.

9   28.   Cueva has neither knowledge nor information sufficient to form a belief about
10  the truth of the allegations in this paragraph and, accordingly, denies them.

11  29.   Cueva has neither knowledge nor information sufficient to form a belief about
12  the truth of the allegations in this paragraph and, accordingly, denies them.

13  30.   Cueva has neither knowledge nor information sufficient to form a belief about
14  the truth of the allegations in this paragraph and, accordingly, denies them.

15  31.   Cueva has neither knowledge nor information sufficient to form a belief about
16  the truth of the allegations in this paragraph and, accordingly, denies them.

17  32.   Cueva has neither knowledge nor information sufficient to form a belief about
18  the truth of the allegations in this paragraph and, accordingly, denies them.

19  33.   Cueva has neither knowledge nor information sufficient to form a belief about
20  the truth of the allegations in this paragraph and, accordingly, denies them.

21  34.   Cueva has neither knowledge nor information sufficient to form a belief about
22  the truth of the allegations in this paragraph and, accordingly, denies them.

23  35.   Cueva has neither knowledge nor information sufficient to form a belief about
24  the truth of the allegations in this paragraph and, accordingly, denies them.

25  36.   Cueva has neither knowledge nor information sufficient to form a belief about
26  the truth of the allegations in this paragraph and, accordingly, denies them.

27  37.   Cueva has neither knowledge nor information sufficient to form a belief about
28  the truth of the allegations in this paragraph and, accordingly, denies them.

C. **MARCUS FOOD COMPLAINT**

38. Cueva admits only that Marcus filed the referenced complaint against SDRS, SDCS, himself, Sergio Hernandez and Does 1-100 on May 10, 2006 and that a true and accurate copy of the complaint is attached as Exhibit C to plaintiff's complaint. Except as specifically admitted, Cueva denies the remaining allegations in this paragraph.

39. Cueva admits only that plaintiff Marcus has made such allegations, among others, in its complaint. Cueva denies liability for the claims asserted against him by Marcus in the Marcus law suit and denies the remaining allegations in this paragraph.

40. Cueva denies that plaintiff has accurately quoted the cited portions of the complaint filed by Marcus against defendants on May 10, 2007. Cueva denies liability for the claims asserted against him by Marcus in the Marcus law suit and state that the complaint speaks for himself.

41. Cueva has neither knowledge nor information sufficient to form a belief about the truth of the allegations in this paragraph and, accordingly, denies them.

42. Cueva has neither knowledge nor information sufficient to form a belief about the truth of the allegations in this paragraph and, accordingly, denies them.

43. Cueva has neither knowledge nor information sufficient to form a belief about the truth of the allegations in this paragraph and, accordingly, denies them.

44. Cueva has neither knowledge nor information sufficient to form a belief about the truth of the allegations in this paragraph and, accordingly, denies them.

45. Cueva has neither knowledge nor information sufficient to form a belief about the truth of the allegations in this paragraph and, accordingly, denies them.

46. Cueva has neither knowledge nor information sufficient to form a belief about the truth of the allegations in this paragraph and, accordingly, denies them.

## COUNT I

**(IN THE ALTERNATIVE TO COUNT III)**
**DECLARATION OF NO COVERAGE BECAUSE NO OCCURRENCE**

47. Cueva incorporates by this reference his answers to paragraphs 1 through 46,

1 above.

2  48.  Cueva denies the allegations in this paragraph.

3  49.  Cueva denies the allegations in this paragraph.

4  50.  Cueva denies the allegations in this paragraph.

5  51.  Cueva denies the allegations in this paragraph.

6  52.  Cueva denies the allegations in this paragraph.

7  53.  Cueva denies the allegations in this paragraph.

8  54.  Cueva denies liability to Marcus for the matters alleged in the Marcus complaint. In the event that any one or more defendant insured under the policy is found liable to Marcus for the allegations in the Marcus complaint, which liability Cueva denies, those defendants are entitled to be indemnified by CATLIN under the policy. Cueva denies the remaining allegations in this paragraph.

55.  Cueva admits that plaintiff is seeking a declaration that there is no coverage but denies that plaintiff is entitled to such a declaration and denies the remaining allegations in this paragraph.

## COUNT II

### (IN THE ALTERNATIVE TO COUNT III)
### DECLARATION OF NO COVERAGE BECAUSE SAN DIEGO ACTED ONLY WILLFULLY

56.  Cueva incorporates by this reference his answers to paragraphs 1 through 55, above.

57.  Cueva has neither knowledge nor information sufficient to form a belief about the truth of the allegations in this paragraph and, accordingly, denies them.

58.  Cueva denies the allegations in this paragraph.

59.  Cueva denies the allegations in this paragraph.

60.  Cueva admits that plaintiff is seeking such a declaration but denies that plaintiff is entitled to one and denies the remaining allegations in this paragraph.

/ / /

/ / /

## COUNT III

### (IN THE ALTERNATIVE TO COUNTS I, II, AND IV)
### DECLARATION OF NO COVERAGE BECAUSE SAN DIEGO BREACHED ITS DUTIES UNDER THE POLICY'S NOTICE PROVISIONS

61. Cueva incorporates by this reference his answers to paragraphs 1 through 60, above.

62. Cueva denies the allegations in this paragraph.

63. Cueva denies the allegations in this paragraph.

64. Cueva denies the allegations in this paragraph.

65. Cueva denies the allegations in this paragraph.

66. Cueva denies the allegations in this paragraph.

67. Cueva denies that plaintiff has no duty to defend the defendants as alleged. In the event one or more defendant covered under the policy is found liable to Marcus in relation to the allegations in the Marcus complaint, which liability Cueva denies, those defendants are entitled to be indemnified by CATLIN under the policy.

68. Cueva admits plaintiff seeks such a declaration but denies that plaintiff is entitled to one and denies the remaining allegations in this paragraph.

## COUNT IV

### (IN THE ALTERNATIVE TO COUNT III)
### DECLARATION THAT EXCLUSIONS 7, 10, AND 12 EXCLUDE COVERAGE FOR MARCUS FOODS [*sic*] COMPLAINT

69. Cueva incorporates by this reference his answers to paragraphs 1 through 68, above.

70. Cueva states that the policy speaks for himself. Cueva denies the allegations in this paragraph.

71. Cueva denies the allegations in this paragraph.

72. Cueva denies the allegations in this paragraph.

73. Cueva denies the allegations in this paragraph.

74. Cueva denies the allegations in this paragraph.

75. Cueva denies that plaintiff has no duty to defend the defendants in relation to

the allegations in the Marcus complaint. In the event one or more defendant covered under the policy is found liable to Marcus in relation to the allegations in the Marcus complaint, which liability Cueva denies, those defendants are entitled to be indemnified by plaintiff under the policy.

76. Cueva admits that plaintiff is seeking such a declaration but denies that plaintiff is entitled to one and denies the remaining allegations in this paragraph.

WHEREFORE, Miguel Cueva prays for judgment against Catlin Underwriting Agencies, Ltd. as follows:

1. For judgment in his favor as an insured under the policy;

2. For a defense under the policy in relation to Marcus' lawsuit;

3. For reimbursement for any attorneys fees and other expenses he incurs defending the Marcus lawsuit; and

4. For such other and further relief as this Court deems just and proper.

DATED: May 23, 2008         SOLOMON WARD SEIDENWURM & SMITH, LLP

By:  /s/ Edward J. McIntyre
     EDWARD J. MCINTYRE

     AND

     JOHN F. HORVATH
     HORVATH & WEAVER, P.C.
     Attorneys for Defendants San Diego Refrigerated Services, doing business as Harborside Refrigerated Services, doing business as Harborside; San Diego Refrigerated Services, Inc. doing business as San Diego Terminals and Pla-Art International, Inc. doing business as San Diego Cold Storage, also known as, SDCold, doing business as San Diego Cold, doing business as San Diego Ice & Cold Storage and Miguel Cueva

## DEMAND FOR JURY

Miguel Cueva demands a jury trial of all claims triable by a jury.

DATED: May 23, 2008

SOLOMON WARD SEIDENWURM & SMITH, LLP

By:  /s/ Edward J. McIntyre
EDWARD J. MCINTYRE

AND

JOHN F. HORVATH
HORVATH & WEAVER, P.C.
Attorneys for Defendants San Diego Refrigerated Services, doing business as Harborside Refrigerated Services, doing business as Harborside; San Diego Refrigerated Services, Inc. doing business as San Diego Terminals and Pla-Art International, Inc. doing business as San Diego Cold Storage, also known as, SDCold, doing business as San Diego Cold, doing business as San Diego Ice & Cold Storage and Miguel Cueva

# CERTIFICATE OF SERVICE

I caused the **MIGUEL CUEVA'S ANSWER TO COMPLAINT AND COUNTERCLAIM FOR DECLARATORY JUDGMENT** to be served in the following manner:

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

**Electronic Mail Notice List**

| | |
|---|---|
| Jack Chia-Ko Hsu, Esq.<br>jhsu@christensenehret.com<br>Christensen Ehret LLP<br>222 West Adams Street, Suite 2170<br>Chicago, IL 60606<br>Telephone: (312) 214-5355<br>Facsimile: (312) 214-1014<br>Attorneys for Plaintiff Catlin Underwriting Agencies Limited | Kevin Gerry, Esq.<br>kevingerry@earthlink.net<br>The Law Offices of Kevin Gerry<br>A Professional Corporation<br>1001 Olive Street<br>Santa Barbara, CA 93103<br>Telephone: (310) 275-1620<br>Attorneys for Defendant Marcus Food Co. |

**Manual Notice List**

The following is the list of attorneys who are not on the list to receive e-mail notices for this case (who therefore require manual noticing).

None.

/s/ Edward J. McIntyre
EDWARD J. MCINTYRE