UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATLIN UNDERWRITING AGENCIES LIMITED, <br><br> Plaintiff, <br><br> vs. <br><br> SAN DIEGO REFRIGERATED SERVICES, INC., et al., <br><br> Defendants. | CASE NO. 08cv173 WQH (JMA) <br><br> **ORDER** |

HAYES, Judge:

The matter before the Court is Plaintiff's Amended Motion to Dismiss Defendant's Second Counterclaim. (Doc. # 81).

**BACKGROUND**

This action arises out of an insurance coverage dispute regarding coverage under an insurance policy issued by Plaintiff to Defendants San Diego Refrigerated Services, Inc. and Pla-Art International (collectively the "Insured Defendants"), which are engaged in the business of operating cold storage warehouse facilities. On January 29, 2008, Plaintiff initiated this action by filing its complaint. (Doc. # 1). The complaint sought a judicial determination that Plaintiff did not have a duty to indemnify or to defend the Insured Defendants in a lawsuit relating to the Insured Defendants' release and sale of goods belonging to a third party. *Id.* On April 13, 2008, the Insured Defendants filed an answer and counterclaim which sought a declaration that Plaintiff did have a duty to indemnify and defend

the Insured Defendants and alleged a claim for breach of the covenant of good faith and fair dealing. (Doc. # 13). Plaintiff filed an answer denying the allegations of the counterclaim. (Doc. # 15). The parties filed cross-motions for summary judgment in early 2009. On March 16, 2009, the Court heard oral argument on the cross-motions for summary judgment. On May 12, 2009, the Court ruled on the parties' cross-motions. (Doc. # 54). The Court granted Plaintiff's motion for summary judgment as to the duty to defend and dismissed Plaintiff's claim for a judicial determination that there was no duty to indemnify as moot.[1] *Id.* at 10-11. The Court denied the Insured Defendants' motion for summary judgment. *Id.* at 10. On May 14, 2009, a judgment was entered. (Doc. # 55). On June 8, 2009, the Insured Defendants filed a notice of appeal. (Doc. # 58).

On September 14, 2009, the United States Court of Appeals for the Ninth Circuit entered an order dismissing the appeal. (Doc. # 70). The order states: "Appellee's motion to dismiss this appeal for lack of jurisdiction is granted because the district court's order challenged in this appeal did not dispose of the action as to all claims and all parties. *See* Fed. R. Civ. P. 54(b); *Chancon v. Babcock*, 640 F.3d 221 (9th Cir. 1981)." *Id.* at 1. The mandate of the Court of Appeals was issued on October 6, 2009. (Doc. # 71).

On October 7, 2009, this Court issued an order spreading the mandate and ordering each party to "file a status report within fifteen days of the date of this order identifying the claims and parties remaining in the case." (Doc. # 72). The order also vacated the judgment. *Id.*

On October 22, 2009, Plaintiff filed a status report which states that the only remaining claim is the Insured Defendants' second counterclaim for breach of the covenant of good faith and fair dealing. (Doc. # 74). On October 22, 2009, the Insured Defendants filed a status report which also states that the only remaining claim is the Insured Defendants' second counterclaim for breach of the covenant of good faith and fair dealing. (Doc. # 75). On February 9, 2010, Plaintiff filed its Amended Motion to Dismiss Defendant's Second Counterclaim. (Doc. # 81).

---

[1] The duty to indemnify claim was moot because in the underlying litigation, the California Court of Appeal affirmed summary judgment for the Insured Defendants. *Id.* at 10-11.

**CONTENTIONS OF THE PARTIES**

Plaintiff contends that "where there is no insurance coverage in the first instance, an insured cannot maintain a claim against the insurer for breach of the covenant of good faith and fair dealing" for refusing to defend or to indemnify the insured. (Doc. # 81-1 at 8). Plaintiff contends that the Court's ruling that there was no coverage for the incident at issue in the underlying litigation necessarily means the Insured Defendants' second counterclaim should be dismissed. *Id.* Plaintiff contends that the dismissal should be with prejudice. *Id.*

The Insured Defendants concede that the Court's summary judgment ruling renders their claim for breach of the covenant of good faith moot. (Doc. # 82 at 3). The Insured Defendants agree that the Court's ruling that Plaintiff was not required to defend the Insured Defendants in the underlying litigation logically requires the dismissal of the Insured Defendants' counterclaim for breach of the covenant of good faith and fair dealing. *Id.* However, the Insured Defendants contend they "cannot join in plaintiff's motion to dismiss the Second Counterclaim" because they "do not agree with the conclusion that there is 'no coverage' in this matter." *Id.* The Insured Defendants contend that the second counterclaim should be dismissed without prejudice. *Id.*

**ORDER**

Where there is no duty to defend, an insurance company's failure to defend an insured cannot, as a matter of California law, constitute a breach of the covenant of good faith and fair dealing. *See, e.g., Waller v. Truck Ins. Exchange*, 11 Cal. 4th 1, 36 (1995). "It is clear that if there is no potential for coverage and, hence, no duty to defend under the terms of the policy, there can be no action for breach of the implied covenant of good faith and fair dealing because the covenant is based on the contractual relationship between the insured and the insurer." *Id.* Because this Court previously ruled at summary judgment that Plaintiff had no duty to defend the Insured Defendants, the Insured Defendants' second counterclaim for breach of the covenant of good faith and fair dealing is dismissed. Since the Court's previous ruling that there was no duty to defend was a decision on the merits, the Insured Defendant's second counterclaim for breach of the covenant of good faith and fair dealing is dismissed with

prejudice.

**IT IS HEREBY ORDERED THAT**:

(1) Plaintiff's Amended Motion to Dismiss (Doc. # 81) is **GRANTED**. The Insured Defendants' second counterclaim for breach of the covenant of good faith and fair dealing is **DISMISSED WITH PREJUDICE**.

(2) The Conclusion of the Court's May 11, 2009 Order (Doc. # 54) at page 11 line 24 through page 12 line 3 is vacated and replaced as follows:

IT IS HEREBY ORDERED THAT the Motion for Partial Summary Judgment as to Liability on its First Counterclaim Against Caitlin Underwriting Agencies (Doc. # 42) filed by Defendant Pla-Art International is **DENIED**. The Amended Motion for Summary Judgment filed by Plaintiff (Doc. # 47) is **GRANTED** as to Counts 1, 2, and 4 on the grounds that Plaintiff had no duty to defend. Defendants' first counterclaim for breach of the duty to defend is therefore **DISMISSED WITH PREJUDICE**. Plaintiff's Count 3 for failure to notify is **DISMISSED AS MOOT**. Plaintiff's claims relating to the Duty to Indemnify are **DISMISSED AS MOOT** because Defendants were not found liable in the underlying action.

(3) The Clerk of the Court shall enter **JUDGMENT** in favor of Plaintiff and against Defendants.

DATED: April 2, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge