1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                   **SOUTHERN DISTRICT OF CALIFORNIA**

8

9   CATLIN UNDERWRITING AGENCIES                CASE NO. 08cv173 WQH (JMA)
    LIMITED,
10                                              **ORDER**
                                   Plaintiff,
11          vs.

12  SAN DIEGO REFRIGERATED
    SERVICES, doing business as San Diego
13  Terminals; PLA-ART
    INTERNATIONAL, doing business as
14  San Diego Cold Storage; SAN DIEGO
    COLD STORAGE, INC.; MIGUEL
15  CUEVA, also known as Miguel Tamayo;
    SERGIO HERNANDEZ; MARCUS
16  FOODS, INC.; DOES 1 to 100, Inclusive,

17                               Defendants.

18  SAN DIEGO REFRIGERATED
    SERVICES, INC.,
19
                            Counter Claimant
20          vs.
    CATLIN UNDERWRITING AGENCIES
21  LIMITED,
                          Counter Defendant.
22

23  MIGUEL CUEVA,

24                          Counter Claimant
25          vs.
    CATLIN UNDERWRITING AGENCIES
26  LIMITED,

27                        Counter Defendant.

    HAYES, Judge:
28
            The matter before the Court is the Motion to Alter or Amend Judgment (Doc. # 85) filed

by Pla-Art International.

## BACKGROUND

This action arises out of an insurance coverage dispute regarding coverage under an insurance policy issued by Plaintiff to Defendants San Diego Refrigerated Services, Inc. and Pla-Art International (collectively the "Insured Defendants"), which are engaged in the business of operating cold storage warehouse facilities.  On January 29, 2008, Plaintiff initiated this action by filing its complaint.  (Doc. # 1).  The complaint sought a judicial determination that Plaintiff did not have a duty to indemnify or to defend the Insured Defendants in a lawsuit relating to the Insured Defendants' release and sale of goods belonging to a third party.  *Id.*  On April 13, 2008, the Insured Defendants filed an answer and counterclaim which sought a declaration that Plaintiff did have a duty to indemnify and defend the Insured Defendants and alleged a claim for breach of the covenant of good faith and fair dealing.  (Doc. # 13).  Plaintiff filed an answer denying the allegations of the counterclaim. (Doc. # 15).  The parties filed cross-motions for summary judgment in early 2009.  On March 16, 2009, the Court heard oral argument on the cross-motions for summary judgment.  On May 12, 2009,  the Court ruled on the parties' cross-motions.  (Doc. # 54).  The Court granted Plaintiff's motion for summary judgment as to the duty to defend and dismissed Plaintiff's claim for a judicial determination that there was no duty to indemnify as moot.[1]  *Id.*  at 10-11. The Court denied the Insured Defendants' motion for summary judgment.  *Id.* at 10.  On May 14, 2009, a judgment was entered.  (Doc. # 55).  On June 8, 2009, the Insured Defendants filed a notice of appeal.  (Doc. # 58).

On September 14, 2009, the United States Court of Appeals for the Ninth Circuit entered an order dismissing the appeal.  (Doc. # 70).  The order states: "Appellee's motion to dismiss this appeal for lack of jurisdiction is granted because the district court's order challenged in this appeal did not dispose of the action as to all claims and all parties.  *See* Fed. R. Civ. P. 54(b); *Chancon v. Babcock*, 640 F.3d 221 (9th Cir. 1981)."  *Id.* at 1.  The mandate

---

[1] The duty to indemnify claim was moot because in the underlying litigation, the California Court of Appeal affirmed summary judgment in favor of the Insured Defendants. *Id.* at 10-11.

1   of the Court of Appeals was issued on October 6, 2009. (Doc. # 71).

2   On October 7, 2009, this Court issued an order spreading the mandate and ordering each

3   party to "file a status report within fifteen days of the date of this order identifying the claims

4   and parties remaining in the case." (Doc. # 72). The order also vacated the judgment. *Id.*

5   On October 22, 2009, Plaintiff filed a status report which states that the only remaining

6   claim is the Insured Defendants' second counterclaim for breach of the covenant of good faith

7   and fair dealing. (Doc. # 74). On October 22, 2009, the Insured Defendants filed a status

8   report which also states that the only remaining claim is the Insured Defendants' second

9   counterclaim for breach of the covenant of good faith and fair dealing. (Doc. # 75). On

10  January 6, 2010, the Magistrate Judge ordered the parties to appear at a status conference on

11  January 27, 2010. (Doc. # 76). On February 9, 2010, Plaintiff filed an Amended Motion to

12  Dismiss Defendants' Second Counterclaim. (Doc. # 81). The Insured Defendants conceded

13  that this Court's May 11, 2009 order that Plaintiff had no duty to defend logically required the

14  dismissal of the Insured Defendants' second counterclaim for breach of the covenant of good

15  faith and fair dealing. (Doc. # 82 at 3). The insured defendants stipulated to the dismissal of

16  the second counterclaim, but sought dismissal without prejudice. *Id.* On April 2, 2010, the

17  Court granted Plaintiff's Amended Motion to Dismiss and dismissed the second counterclaim

18  for breach of the covenant of good faith and fair dealing with prejudice. (Doc. # 83 at 3-4).

19  The Court also amended its May 11, 2009 order granting summary judgment in favor of

20  Plaintiff:

21  The Conclusion of the Court's May 11, 2009 Order (Doc. # 54) at page 11 line
22  24 through page 12 line 3 is vacated and replaced as follows:

23  IT IS HEREBY ORDERED THAT the Motion for Partial Summary Judgment
    as to Liability on its First Counterclaim Against Caitlin Underwriting Agencies
    (Doc. # 42) filed by Defendant Pla-Art International is **DENIED**. The Amended
24  Motion for Summary Judgment filed by Plaintiff (Doc. # 47) is **GRANTED** as
    to Counts 1, 2, and 4 on the grounds that Plaintiff had no duty to defend.
25  Defendants' first counterclaim for breach of the duty to defend is therefore
    **DISMISSED WITH PREJUDICE**. Plaintiff's Count 3 for failure to notify is
26  **DISMISSED AS MOOT**. Plaintiff's claims relating to the Duty to Indemnify
    are **DISMISSED AS MOOT** because Defendants were not found liable in the
27  underlying action.

28  *Id.* at 4. The Clerk of the Court was ordered to enter judgment in favor of Plaintiff and against

1  Defendants.  *Id.*  On April 5, 2010, the Clerk fo the Court entered the judgment.  (Doc. # 84).

2  On April 16, 2010, Pla-Art filed its Motion to Amend or Alter Judgment entered April

3  5, 2010 pursuant to Federal Rule of Civil Procedure 59.  (Doc. # 85).

4  **ANALYSIS**

5  Pla-Art contends that the underlying complaint's first cause of action for breach of

6  contract was "a fallback" which was pleaded in addition to conversion in case the plaintiffs in

7  that action "were unsuccessful in establishing the intent required for the conversion claim."

8  (Doc. # 85 at 2-3).  Pla-Art contends that Plaintiff "has not met its burden to present

9  undisputed facts that eliminate any possibility of coverage as a matter of law."  *Id.* at 4.  Pla-

10  Art contends that if the plaintiff in the underlying case had "succeeded in proving that its

11  contract was breached inadvertently or negligently it could prevail in its claim for contract

12  damages."  *Id.*  Pla-Art contends that it established that "there is a potential for coverage

13  because plaintiff in the Underlying Case has alleged a breach of contract which may or may

14  not be intentional." *Id.*  Pla-Art further contends that summary judgment should not have been

15  granted on Count IV of Plaintiff's complaint because the Court dismissed the duty to

16  indemnify count as moot and "the applicability of an exclusion is only relevant" to the issue

17  of duty to indemnify.  (Doc. # 85-2 at 5).

18  Plaintiff contends that Pla-Art must establish that the Court committed clear error in

19  order to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e).  (Doc.

20  # 86 at 3).  Plaintiff contends that "there is nothing new in [Pla-Art's] argument–Defendant has

21  merely attempted a different and more confusing formulation of the same" arguments

22  previously raised.  *Id.* at 5.  Plaintiff contends that the underlying complaint alleged intentional

23  breach of contract because it is accompanied by a claim for conversion.  *Id.* at 5-6.  Plaintiff

24  contends that the underlying complaint was based on the "theft of inventory" by employees

25  of the Insured Defendants, an intentional act which does not trigger the duty to defend.  *Id.* at

26  7.

27  "It is appropriate for a court to alter or amend judgment under Rule 59(e) if (1) the

28  district court is presented with newly discovered evidence, (2) the district court committed

clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Duarte v. Bardales*, 526 F.3d 563, 567 (9th Cir. 2008) (quotation and citation omitted).   Altering or amending a judgment pursuant to Rule 59(e) is an "extraordinary remedy to be used sparingly . . . ." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

Pla-Art has not contended that there has been an intervening change in law or that there is any newly discovered evidence, "[t]herefore, the only question before" the Court is whether the previous order granting summary judgment in favor of Plaintiff and against the Insured Defendants was "clear error."  *See McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999).  The Court has reviewed the previous orders in this case as well as the briefing and evidence filed by the parties on the cross-motions for summary judgment.  After reviewing the record, the Court concludes that there are no grounds to alter or amend the judgment in this case.

**CONCLUSION**

IT IS HEREBY ORDERED that the Defendant's Motion for Court to Reconsider, Alter or Amend Judgment pursuant to Rule 59(e) (#28) is DENIED.

DATED:  July 28, 2010

*William Q. Hayes*

**WILLIAM Q. HAYES**
United States District Judge